PER CURIAM.
The petitioner sought habeas corpus relief claiming continued custody in secure detention past his 19th birthday was illegal. We agreed and issued an order granting the petition and commanding the respondent to release the child. This opinion explains why the child was entitled to release.
*994 The lower court, on October 5, 2006, entered a disposition order after the child admitted to violating community control or probation. The disposition order committed the child to the Department of Juvenile Justice for placement in a high risk residential program until child’s 19th birthday. It appears the Department could not place the child in a level 8 program. On January 1, 2007, the child was to turn 19 years old, so the Department filed a notice that jurisdiction over the child would end on that date and recommended release. The notice was dated December 29, 2006.
On December 29, 2006, the lower court refused to act on the notice, instructing the clerk to strike the hearing from the docket. On January 2, 2007, the lower court again refused to act, instead noting the child had not received the treatment that was expected in the disposition order. In an effort to prevent the child from becoming a defendant in the adult criminal justice system, the judge concluded by stating: “over the objection of the defense, I’m not going to do anything at this point in time.” This petition for habeas corpus relief followed.
Section 985.201(4)(a), Florida Statutes (2005), grants jurisdiction to the circuit court, in child delinquency cases, “until the child reaches 19 years of age” or until the court relinquishes jurisdiction prior to the 19th birthday. There are exceptions, as described in sections 985.31 and 985.313,[1] Florida Statutes, but neither apply in this case as the lower court did not make the findings necessary for extending jurisdiction beyond the child’s 19th birthday. As such, jurisdiction of the lower court ended on January 1, 2007, and the child was entitled to be released.
Despite notice by the Department, presumptively given on December 28, 2006, the judge decided to “do nothing.” In accordance with section 985.231(l)(d), Florida Statutes, the lower court’s refusal to “accept or reject the [Department’s] request” for release, “within 10 days after receipt of the notice” acts as a granting of the request. Because the court’s refusal to act within 10 days after receiving notice “shall be deemed” as granting the request for relief, the Department was authorized to release the child without further court order. § 985.231(l)(d), Fla. Stat.

Petition G'ranted.

POLEN, HAZOURI and MAY, JJ., concur.

. Sections 985.31 and 985.313, Florida Statutes, were renumbered, effective January 1, 2007, to sections 985.47 and 985.465, respectively, without any substantive changes.